FORSHAW et al. v. LAYMAN.

WILLIAMS et al. v. SAME.

(Circuit Court of Appeals, Eighth Circuit. October 12, 1910.)

Nos. 3,301, 3,302.

1. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION—STATE STATUTORY PROVISIONS—CONSTRUCTION BY HIGHEST STATE COURT.

The decision of the Supreme Court of Arkansas that, where lands are wild and uninclosed, Act March 18, 1899 (Laws 1899, p. 117; Kirby's Dig. § 5057), makes seven years' successive payments of taxes under color of title equivalent to seven years' actual adverse possession, and vests the title to such land in one who shows that he has paid the taxes during the period required, is conclusive on the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–968; Dec. Dig. § 366.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. TAXATION (§ 194*)—EXEMPTIONS—CONSTITUTIONAL PROVISIONS.

Act Ark. April 8, 1869 (Laws 1869, p. 130), providing that, where land is donated to a railroad company to aid in its construction, it shall be exempt from taxation until the railroad company has conveyed it in turn to an actual purchaser, was in violation of the Arkansas Constitution of 1868, art. 10, § 2, providing that all real and personal property shall be taxed at a uniform rate, save certain specific exceptions, and that the property of corporations shall forever be subject to taxation the same as that of individuals.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 310, 311; Dec. Dig. § 194.*

Taxation of railroad land grants, see note to Northern Pac. R. Co. v. Wright, 4 C. C. A. 196.]

3. TAXATION § 196*)—EXEMPTIONS—CONTRACTS.

Where a state Constitution prohibits the exemption of property from taxation, such exemption cannot be secured by giving it the guise of a contract.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 314; Dec. Dig. § 196.*]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

Actions by Edwin S. Layman against Joseph Forshaw, Jr., and another and against C. H. Williams and others. Judgment for plaintiff in each case, and defendants bring error in the first case, and appeal in the second. Affirmed.

Julian Laughlin (George W. Murphy, Charles T. Coleman, and W. M. Lewis, on the brief), for plaintiffs in error and appellants.

G. B. Rose (U. M. Rose, W. E. Hemingway, D. H. Cantrell, and J. F. Loughborough, on the brief), for appellee and defendant in error

Before HOOK and ADAMS, Circuit Judges, and McPHERSON, District Judge.

HOOK, Circuit Judge. One of these cases was an action in eject-ment, and the other a suit to quiet title. They involved lands in Ar-kansas, and were brought by Edwin S. Layman. He prevailed in the trial court, and the defendants prosecuted a writ of error and an ap-peal.

Layman had a tax deed, which, though void, nevertheless constituted color of title. While holding the deed, and while the lands were un-improved and uninclosed, he paid the taxes on them for seven years in succession. At the trial below he invoked successfully an Arkansas statute which provides:

"That unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act unless he, and those under whom he claims, shall have paid such taxes for at least seven years in succession; and not less than three of such payments must be made subsequent to the passage of this act." Act March 18, 1899 (Laws 1899, p. 117; Kirby's Dig. § 5057).

In Earle Improvement Co. v. Chatfield, 81 Ark. 296, 302, 99 S. W. 84, 85, the court, construing this statute, said:

"Where the lands are wild and uninclosed, the law makes seven years' suc-cessive payments of taxes under color of title equivalent to seven years of actual adverse possession, and vests the title to such lands in one who shows that he has paid the taxes during the period required by the statute."

It is contended by defendants that this is not a correct construction of the statute, and that this court is not bound by it. But no deci-sion of the highest judicial tribunal of a state can be more binding upon the courts of the United States than one construing a local law relating to the title to lands within its borders, there being no ground to question it under the Constitution and laws of the United States. The question involved is not one of general law.

It is also contended the lands in controversy were not taxable, and the payment of taxes unlawfully levied by the taxing officers could be no basis for a title by limitation or prescription under the statute. The basis for this contention is that the lands had been donated or subscribed by a former owner in aid of the construction of a railroad, pursuant to an Arkansas statute, approved April 8, 1869 (Laws 1869, p. 130), providing that in such case they should be exempt from tax-ation until the railroad company to whom they were conveyed in turn conveyed them to an actual purchaser. Thereafter they were in fact marked "exempt" upon the tax rolls for 13 years or more; and then, though still owned and unconveyed by the railroad company, they were assessed and taxed. The taxes for 7 years affected by this condition were paid by Layman. The railroad company then sold and conveyed the property to defendant Joseph Forshaw, Jr. Layman asserts that the statute of 1869, purporting to exempt the lands from taxation, was contrary to the state Constitution of 1868.

We think it was. That Constitution required the taxation by a uni-form rule of all real and personal property, save certain specific excep-tions, and that the property of corporations should forever be subject to taxation the same as that of individuals. Article 10, § 2; article 5, § 48. In Fletcher v. Oliver, 25 Ark. 289, it was said:

"The constitutional provision that all real property shall be subject to taxation, except certain exempted kinds therein enumerated, amounts to an inhibition on the Legislature from exempting other real property."

See, also, Files v. State, 48 Ark. 529, 3 S. W. 817.

Of course, if a state Constitution prohibits the exemption of property from taxation, the exemption cannot be secured by giving it the guise of a contract. The land was taxable, it was taxed, and Layman paid the taxes, and otherwise fulfilled the conditions prescribed by the statute.

The judgment and the decree are affirmed.